

**840**



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. O-990
Re: Fees under Art. 1055, C.C.P.,
and amendments.

This will acknowledge receipt of your letter of June 16, 1939, enclosing a copy of an opinion furnished by you to the Commissioners' Court of your county, and asking our advice relative to same. In accordance with the provisions of Article 4399, Revised Civil Statutes, with which you comply, we are glad to render this service.

In your opinion, after correctly reviewing the history of Article 1055, C.C.P., 1925, you place your interpretation on H.B. 205 passed by the Forty-sixth Legislature as being a curative statute, and hold the effect of the latest amendment to be to vitalize H.B. 727 of the Forty-fifth Legislature (chap. 488, General and Special Laws, 45th Leg., Reg. Sess.), which was declared unconstitutional by opinion No. O-23 (conference opinion No. 3032) of this administration.

You also state:

"By House Bill No. 205, Acts of the Forty-sixth Legislature, Regular Session, which bill was approved on May 15, 1939, and which bill became effective May 15, 1939, the Legislature re-enacted and passed the identical House Bill No. 727, of the Forty-fifth Legislature * * * "

Hon. D. Richard Voges, page 2

You then quote the emergency clause of H.B. 205.

Recently we rendered opinion No. 0-907 to Hon. I. Praedecki, County Auditor of Galveston County, and in that opinion we held H.B. 205 as enacted a constitutional and valid statute. However, the question raised by Mr. Praedecki was the fact that the emergency clause proclaimed H.B. 205 to be the same Act as H.B. 727, supra, whereas in truth there were substantial and material changes in the text. We held in our opinion in that case that the emergency clause being erroneous did not vitiate the bill.

We enclose, herewith, a copy of opinion No. 0-907 for your consideration. You will readily note from reading same the differences in the two amendatory Acts.

However, if it should be conceded the terms of H.B. 205 passed in 1939, and H.B. 727, the 1937 Act declared unconstitutional, were synonymous, the effect would not be to make counties liable for costs accruing from the time H.B. 727 was declared unconstitutional until the executive approval of H.B. 205 made it effective as a law. We quote the following from 39 Tex. Jur. 41:

"The enactment of curative statutes constitutes a valid exercise of legislative power. In this manner the Legislature can give capacity or dispense with any formality it could have previously given or dispensed with. In short, it can ratify anything it could have authorized in the first instance. But 'the Legislature cannot breathe the breath of life into a dead thing.' Thus it cannot validate an unconstitutional statute, nor vitalize a void judgment." (Emphasis ours).

We quote from 12 C.J. 1092:

"An unconstitutional statute is absolutely null and void ab initio, having no bind-

Hon. D. Richard Voges, page 3

ing force; and is not validated by a subsequent Constitutional Amendment removing the restriction by which its enactment was prohibited. Such statutes are regarded as though they had never been in existence and are not included in Constitutional provisions intended to continue existing laws in force until altered or repealed by legislative action, such provisions having reference only to such laws as are constitutional and valid. Nor has a legislature any authority to validate an unconstitutional proceeding."

(Emphasis ours)

The cases cited by you in your able brief interpret and construe validating or curative Acts which are so designated by their terms. We have been unable to find any authority holding an amendment to a statute which materially varies the terms of the amended act to occupy the status of, or serve the purpose of, a curative Act.

We, therefore, hold that H.B. 205, supra, while constitutional and valid, does not operate as a retroactive law, and that officers are not entitled to be paid fees by the county from the time of our holding H.B. 727 unconstitutional to the effective date of H.B. 205.

With reference to the second part of your brief, we adhere to opinion No. O-677 written to you on May 12, 1939, by Assistant Attorney General Wm. J. R. King. Of course each instance would depend upon its own fact situation, but we do not believe the substitution of the words "discharges the same by means of working such fine out on the county roads or on any county project" in H.B. 205, would call for a materially different interpretation from that placed on the words "satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county" as same appeared in Article 1055, C.C.P., prior to the amendment. Especially is this

Hon. D. Richard Voges, page 4

true when considered in connection with the language of Article 793, C.C.P., as construed by Mr. King in his opinion No. O-677.

Article 793 provides in substance that where a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs assessed against him he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or on public improvements of the county, or if there be no workhouse, farm or improvements, he shall be imprisoned in jail.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

APPROVED JUL 8, 1939
BW:omb

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN